**HUNTER PYLE, SBN 191125**
**PAMELA KONG, SBN 220912**
SUNDEEN SALINAS & PYLE
1330 Broadway, Suite 1830
Oakland, CA 94612

Telephone:    510.663.9240
Telefax:         510.663.9241

Attorneys for Plaintiff
ZAHRA SEGDAGHATPOUR

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZAHRA SEDAGHATPOUR,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA, a public entity; CALIFORNIA HIGHWAY PATROL, a public entity;  OFFICER JON SCHATMEIER #17021; DOE OFFICER ONE; OFFICER JOHN SOTO #15189; and DOES 2-20, Jointly and Severally,<br><br>　　　　　Defendants. | Case No.  C 07-01802 WHA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1) **VIOLATION OF 42 U.S.C. § 1983**<br>2) **VIOLATION OF 42 U.S.C. § 1983-Supervisory Liability;**<br>3) **VIOLATION OF CAL. CIV. CODE § 52.1;**<br>4) **VIOLATION OF CAL. CIV. CODE § 51.7;**<br>5) **NEGLIGENCE;**<br>6) **ASSAULT AND BATTERY;**<br>7) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**<br>8) **CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff ZAHRA SEDAGHATPOUR ("Plaintiff"), by and through her attorneys, complains and alleges as follows:

**JURISDICTION**

　　　1.　　　This is a civil rights action arising from Defendants' unreasonable seizure, use of excessive force, and racial and national origin discrimination against Plaintiff, on or about September 12, 2006, in Pleasanton, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon

28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

2. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

**INTRADISTRICT ASSIGNMENT**

3. A substantial part of the events and/or omissions complained of herein occurred in Alameda County, California, and this action is properly assigned to the San Francisco Division of the United States District Court for the Northern District of California.

**PARTIES**

4. Plaintiff ZHARA SEDAGHATPOUR is a woman of Iranian origin, residing in the State of California.

5. Defendant STATE OF CALIFORNIA is a public entity established and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the CALIFORNIA HIGHWAY PATROL ("CHP"), and together with the CHP, employs and/or is responsible for other defendants in this action.

6. Defendant CALIFORNIA HIGHWAY PATROL is a public agency and/or political subdivision of the State of California, established and maintained by the laws and Constitution of the State of California, and employs and/or is responsible for other defendants in this action.

7. At all times relevant herein, Defendant OFFICER JON SCHATMEIER, Badge No. 17021 ("SCHATMEIER"), was a Caucasian male, employed as a California Highway Patrol officer by Defendants State of California and the CHP, and was acting within the course and scope of that employment.

8. At all times relevant herein, Defendant OFFICER JOHN SOTO, Badge No. 15189 ("SOTO"), was employed as a California Highway Patrol officer by Defendants State of California and

the CHP, and was acting within the course and scope of that employment.

9. At all times relevant herein, DOE OFFICER ONE (the identity and badge number of whom is presently unknown to Plaintiff), a Caucasian male, was employed as a California Highway Patrol officer by Defendants State of California and the CHP, and was acting within the course and scope of that employment.

10. The true names and capacities of Defendants sued herein as DOES 2-20 ("DOE Defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of the State of California and the CHP, and at all material times acted within the course and scope of that relationship.

11. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants SCHATMEIER, DOE OFFICERS ONE, SOTO, and other DOE Defendants.

12. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

13. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

14. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

15. The acts and omissions of Defendants SCHATMEIER, SOTO, DOE OFFICER ONE, and DOES 2-20 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the State of California and CHP.

16. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(e)(2).

## GENERAL ALLEGATIONS

17. On or about September 12, 2006, one day after the anniversary of September 11, 2001, at approximately 6:15 p.m., Plaintiff was driving southbound on I-680 in her vehicle, a red Mercedes. Plaintiff was driving at or below the posted speed limit of 65 miles per hour. Plaintiff was driving in the lane that is one lane to the right of the left lane.

18. Plaintiff noticed SCHATMEIER driving a California Highway Patrol sedan in the lane next to her. SCHATMEIER glared at Plaintiff.

19. Plaintiff signaled a lane change with her blinker and changed lanes into the left lane of the freeway.

20. SCHATMEIER followed Plaintiff into the left lane and signaled with the lights on his vehicle for Plaintiff to pull over on the freeway and stop her vehicle. Plaintiff pulled over and stopped on an area of the freeway located in Pleasanton, California.

21. SCHATMEIER rapped on the driver side window of Plaintiff's vehicle and indicated for Plaintiff to roll her window down. SCHATMEIER told Plaintiff to produce her driver's license and vehicle registration documents. Plaintiff complied with these commands.

22. Plaintiff then asked SCHATMEIER why he had stopped her. SCHATMEIER rudely stated to Plaintiff that she was speeding. Plaintiff expressed that she believed that she had not been speeding, and asked if SCHATMEIER would forego issuing a citation.

23. SCHATMEIER told Plaintiff to, "SHUT THE HELL UP."

24. Plaintiff asked SCHATMEIER for his business card. SCHATMEIER refused to provide his card to Plaintiff.

25. SCHATMEIER then handed the citation to Plaintiff and told her to sign the citation. Plaintiff asked if she could read the contents of the citation before signing.

26. SCHATMEIER told Plaintiff that she could not read the citation. He then began yelling at her: "YOU HAVE TO SIGN IT! I'M NOT GOING TO LET YOU READ IT. SHUT THE FUCK UP! I DON'T HAVE TIME FOR YOU FOREIGNERS TO SIT IN YOUR MERCEDES; YOU THINK YOU OWN THE ROAD! YOU THINK YOU OWN THE COUNTRY!"

27. Plaintiff pleaded with SCHATMEIER to allow her to review the citation before signing it.

28. SCHATMEIER then opened the door to Plaintiff's vehicle and dragged her out of her car.

29. Plaintiff was afraid for her physical safety. SCHATMEIER was hostile. He pushed and shoved Plaintiff up against the trunk of her car. He continued to push and jab his elbow into her.

30. Meanwhile, DOE OFFICER ONE arrived in a police vehicle and SOTO arrived on a motorcycle.

31. Plaintiff was crying and stated that she would sign the citation. SCHATMEIER told her that it was too late. He told Plaintiff that she had "pissed [him] off," that he had told her not to "fuck around" with him, and that he was taking her to jail.

32. Plaintiff asked for a female police officer. SOTO told her to shut up and that they did not have female officers. SCHATMEIER, DOE OFFICER ONE and SOTO laughed at Plaintiff.

33. Plaintiff stated that she would sign the citation and pleaded with the officers to let her go. DOE OFFICER ONE told Plaintiff it was "too late."

34. SCHATMEIER and SOTO continued to jab their elbows into Plaintiff and to twist

1 Plaintiff's arm.  SCHATMEIER and SOTO restrained Plaintiff in handcuffs.

2   35.   Plaintiff stated to Defendants repeatedly that they were hurting her and that she was scared.  SCHATMEIER and SOTO both responded for Plaintiff to "SHUT THE FUCK UP."

   36.   Plaintiff asked, "Why are you doing this?" She also told the officers, "You're hurting me." SOTO asked her if she thought they were going to pamper her.  He stated that they wanted to hurt her and that "this" was about hurting her, that "that's what you get," and that they wanted her to be scared. SCHATMEIER told Plaintiff, "WE'RE GLAD IT'S HURTING".

   37.   Defendant SOTO shouted, "YOU FUCKING BITCH!" "YOU FUCKING FOREIGNER!"

   38.   SCHATMEIER shouted "TODAY IS SEPTEMBER 12.  DO YOU REMEMBER SEPTEMBER 11?" "DO YOU KNOW WHAT HAPPENED ON SEPTEMBER 11?"  "IT'S PEOPLE LIKE YOU WHO KILLED OUR PEOPLE." "THIS IS OUR COUNTRY!" "WHY DON'T YOU GO BACK TO YOUR COUNTRY?"

   39.   Plaintiff stated that she was a taxpayer.   In response, SCHATMEIER told Plaintiff to "SHUT THE FUCK UP."

   40.   Plaintiff continued to repeat that she would sign the citation, that the officers were hurting her, and asked to be released.

   41.   SCHATMEIER and SOTO forced Plaintiff toward SCHATMEIER's vehicle.  SOTO shoved Plaintiff into the front passenger seat of SCHATMEIER's vehicle with such force that Plaintiff hit her head on the top of the doorframe of the vehicle.

   42.   SOTO shut the door on Plaintiff's foot.  Plaintiff pulled her foot away in pain and he slammed the door in Plaintiff's face.

   43.   SOTO then touched himself and grabbed himself in a sexual manner while laughing and looking at Plaintiff.

   44.   SCHATMEIER, DOE OFFICER ONE and SOTO moved away from Plaintiff.

45.     Plaintiff was crying and afraid of what would happen to her.  She banged her head on the window of the vehicle to get the attention of SCHATMEIER, DOE OFFICER ONE AND SOTO.

46.     DOE OFFICER ONE opened the vehicle door and rudely asked Plaintiff what she wanted.  Plaintiff asked him, "What did I do, why don't you let me go?"  He responded that he could not and shut the door.

47.     Later, SCHATMEIER opened the door and stated that they were trying to figure out what to do with Plaintiff. He threatened to take her to jail.  He then told her that they had contacted a supervisor and that it was up to his supervisor to decide what to do with Plaintiff.  SCHATMEIER then slammed the door in Plaintiff's face.

48.     Sergeant Jim Williams then arrived with another police officer, name unknown.  Sergeant Williams spoke with SCHATMEIER, DOE OFFICER ONE and SOTO.  He then asked Plaintiff to tell him what happened.  Plaintiff was very upset and explained what had happened to her. Sergeant Williams told SCHATMEIER to release Plaintiff.

49.     During the entire course of the incidents alleged above, DOE OFFICER ONE observed SCHATMEIER and SOTO in their treatment of Plaintiff.  DOE OFFICER ONE laughed at Plaintiff.  He did not take any action to curtail the actions of SCHATMEIER and SOTO.  Further, DOE OFFICER ONE denied Plaintiff's requests to be freed.

50.     Plaintiff asked for the return of her driver's license and vehicle registration documents. SCHATMEIER who last had custody of the documents stated that he did not have them and that "maybe the wind blew them away."

51.     Plaintiff was unable to recover these items.

52.     Later that evening, Plaintiff went to Washington Hospital in Fremont with her friend, Fazaneh Yassini.  Plaintiff was treated for the assault, including left arm contusion, right flank contusion and right elbow pain.

53.      At the hospital, physician Kadeer Halimi advised Plaintiff that she should make a police

report. The hospital called the police for Plaintiff and she waited for them to arrive at the hospital. After more than one hour, CHP officer Sergeant Dan Legge arrived at the hospital. Sergeant Legge did not disclose his identity to Plaintiff. It was only through the prodding of Plaintiff and Ms. Yassini that Plaintiff learned that Sergeant Legge was not only a CHP officer, but also that he was in the same unit as the Defendant officers and Sergeant Williams.

54. Plaintiff gave a brief report of her contact with SCHATMEIER, DOE OFFICER ONE and SOTO to Sergeant Legge. As Sergeant Legge was leaving, Plaintiff asked him how she could follow up with the CHP about the incident that she had reported. Sergeant Legge told her that she did not have to do anything, that she did not have to follow up, and that she should just "let it go."

55. At all times during Plaintiff's contact with Defendants, Plaintiff behaved lawfully and peacefully. Plaintiff never displayed any weapon or threatened the safety of any person, including herself, in any way.

56. The force used by Defendants against Plaintiff was unjustified and objectively unreasonable under the circumstances.

57. Defendants' seizure of Plaintiff lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right.

58. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

59. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Severe bodily injury, including a left arm contusion, right flank contusion, and right elbow pain, requiring medical treatment;

    b. Wrongful seizure and imprisonment;

    c. Racial profiling and discrimination;

      d. Humiliation;

      e. Pain and suffering, including emotional distress;

      f. Medical expenses;

      g. Lost wages and earning capacity;

      h. Violation of constitutional rights; and

      i. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

60. Plaintiff filed a timely claim with Defendant State of California pursuant to California Government Code section 910 et seq. Defendant State of California informed Plaintiff that it had denied that claim in a letter mailed to Plaintiff's counsel on March 2, 2007.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against Defendants Schatmeier, Doe Officer One and Soto)**

61. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

62. By the actions and omissions described above, Defendants SCHATMEIER, DOE OFFICER ONE, and SOTO, violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

      a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

      b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

      c. The right to be free from racial profiling and racial profiling and racial discrimination as secured by the Fourth and Fourteenth Amendments;

      d. The right to equal protection of the laws as secured by the Fourth and Fourteenth Amendments;

63.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff sustained injuries and damages as set forth above in paragraph 59.

64.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

65.     The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

66.     Plaintiff is also entitled to reasonable costs and attorneys fees under 42 U.S.C. § 1988 and applicable California codes and law.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SECOND CAUSEOF ACTION**
**42 USC §1983 – Supervisory and Municipal Liability**
**(Against Defendants State of California, California Highway Patrol, and DOES 3-20)**

67.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

68.     On information and belief, the unconstitutional actions and/or omissions of Defendants SCHATMEIER, DOE OFFICER ONE and SOTO, and DOES 3-20, as well as other officers employed by or acting on behalf of Defendants State of California and CHP, were pursuant to the following customs, policies, practices, and/or procedures of the California Highway Patrol, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the State of California and the California Highway Patrol:

   a.   To use or tolerate the use of excessive and/or unjustified force, including in the use and application of control holds during the seizure of a person;

   b.   To engage in or tolerate unreasonable seizures;

   c.   To engage in or tolerate racial profiling and differential treatment when conducting a seizure based on a person's race;

   d.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the use of control holds;

     e.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning racial profiling and racial discrimination;

     f.    To cover-up violations of constitutional rights by any or all of the following:

          i.    by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or racial profiling;

          ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

          iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

     g.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and

     h.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

69.    Defendants State of California, CHP, and DOES 3-20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants SCHATMEIER, DOE OFFICER ONE, SOTO, other DOES 3-20, and other law enforcement personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

70.    The unconstitutional actions and/or omissions of Defendants SCHATMEIER, DOE OFFICER ONE, and SOTO, and other law enforcement personnel, as described above, were approved, tolerated and/or ratified by policy making officers for the CHP.  Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the State of California and the CHP, and that such policy makers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policy makers within the State of California and the California Highway Patrol have approved of the conduct of Defendants SCHATMEIER, DOE OFFICER ONE, and SOTO, and other Police Department personnel, and have

made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the State of California and the CHP have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

71. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants State of California, CHP, and DOES 3-20, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth above.

72. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

73. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants State of California, CHP, and DOES 3-20, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth above, and punitive damages against DOES 3-20 in their individual capacities.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL CODE § 52.1
### (Against All Defendants)

74. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

75. By the actions and omissions described above, each Defendant acting in concert/conspiracy, as described above and below, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the

California Constitution:

    a. The right to be free from unreasonable search and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from racial profiling and racial discrimination as secured by the Fourth and Fourteenth Amendments;

    d. The right to equal protection of the laws as secured by the Fourth and Fourteenth Amendments;

    e. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, § 1;

    f. The right to life, liberty, and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, § 7;

    g. The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

    h. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, §13;

    i. The right to equal protection of the law, as secured by the California Constitution, Article 1, §7

    j. The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

76. Defendant's violation of Civil Code § 52.1 and Plaintiff's Constitutional and statutory rights was, in part, because of Plaintiff's race, ancestry and/or national origin.

77. As a direct result of Defendant's violation of Civil Code § 52.1 and Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages and is entitled to relief as set forth above, including all damages allowed by California Civil Code §§ 52, 52.1 and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**FOURTH CAUSE OF ACTION
VIOLATION OF CALIFORNIA CIVIL CODE § 51.7
(Against All Defendants)**

78. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

79. By their actions and omissions, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights secured by California Civil Code § 51.7 to be free from any violence, or intimidation by threat of violence or intimidation by threat of violence, committed against her person or property because of her ancestry, race and/or national origin.

80. As a direct result of Defendants' violation of Civil Code § 51.7, Plaintiff sustained injuries and damages and is entitled to relief as set forth above, including all damages allowed by California Civil Code §§ 52, 52.1 and California law, not limited to actual damages, costs, attorneys fees, treble damages, civil penalties in an amount no less than $25,000, and punitive damages, as provided by California Civil Code § 52 and as otherwise allowed under California law.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**FIFTH CAUSE OF ACTION
NEGLIGENCE; PERSONAL INJURIES
(Against All Defendants)**

81. The allegations of each of the paragraphs set forth above are realleged and incorporated herein by reference.

82. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

83. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

84. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff;

    b. to refrain from wrongfully arresting and/or detaining Plaintiff;

    c. to refrain from abusing their authority granted them by law;

        d.     to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

85.    Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants State of California, CHP, and DOES 3-20, include but are not limited to the following specific obligations:

        a.     to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or CHP officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

        b.     to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

        c.     to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

86.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

87.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth at above.

## SIXTH CAUSE OF ACTION
## ASSAULT AND BATTERY
### (Against All Defendants)

88.    The allegations of each of the paragraphs set forth above are realleged and incorporated herein by reference.

89.    The actions and omissions of Defendants as set forth above constitute assault and battery.

90.    As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

91.    Defendants SCHATMEIER, DOE OFFICER ONE and SOTO committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants SCHATMEIER, DOE OFFICER

ONE and SOTO in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SEVENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

92. The allegations of each of the paragraphs set forth above are realleged and incorporated herein by reference.

93. Plaintiff is a citizen of the State of California subject to the laws of the State.

94. The function of the CHP and its officers is to provide safety, service, and security to the citizens of California. In performing this function the CHP and its officers are cloaked in the authority of the State of California to enforce State laws through the use of restraint and necessary and reasonable force, including arms and other deadly weapons. The CHP's and its officers' authority to act on behalf of the State and to command the citizens of California is underscored by the criminal consequences, including imprisonment, of a citizen's failure to obey the commands of the CHP and its police officers.

95. The conduct of Defendants set forth hereinabove was so extreme and so outrageous that this conduct exceeded the boundaries of a decent society. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress. This conduct included, but is not limited to, the conduct set forth above.

96. The conduct of Defendants SCHATMEIER, DOE OFFICER ONE AND SOTO was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants State of California's and CHP's conduct, in confirming and ratifying that conduct, was done with knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

97. At all times herein mentioned, Defendants SCHATMEIER, DOE OFFICER ONE and SOTO were agents and employees of Defendant CALIFORNIA HIGHWAY PATROL acting under

color of law as agents and employees of CALIFORNIA HIGHWAY PATROL.   Defendant CALIFORNIA HIGHWAY PATROL is therefore liable for the acts of Defendants as herein alleged.

98. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

99. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation and mental anguish all to damage in an amount according to proof.

100. Defendants SCHATMEIER, DOE OFFICER ONE and SOTO committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants SCHATMEIER, DOE OFFICER ONE and SOTO in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth herein.

**EIGHTH CAUSE OF ACTION**
**CONVERSION**
**(Against All Defendants)**

101. The allegations of each of the paragraphs set forth above are realleged and incorporated herein by reference.

102. At all times material herein, Plaintiff had a possessory and ownership interest in her state issued driver's license and state vehicle registration documents.

103. Defendants SCHATMEIER, DOE OFFICER ONE and SOTO intentionally possessed for a long period of time, deprived Plaintiff for a long period of time of her access to, and/or destroyed Plaintiff's state issued driver's license and state vehicle registration documents without Plaintiff's consent.

104. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

105. At all times herein mentioned, Defendants SCHATMEIER, DOE OFFICER ONE and SOTO were agents and employees of the State of California and the CHP acting under color of law as agents and employees of the State of California and the CHP. Defendants State of California and CHP are therefore liable for the acts of Defendants as herein alleged.

106. Defendants SCHATMEIER, DOE OFFICER ONE and SOTO committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants SCHATMEIER, DOE OFFICER ONE and SOTO in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth herein.

**DAMAGES**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

a. compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b. punitive damages under 42 USC §1983 and California law against the individual defendants in an amount according to proof and which is fair, just, and reasonable;

c. all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, 51.7, and as otherwise may be allowed by California and/or federal law;

d. Injunctive relief, including but not limited to the following:

   i. an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

   ii. an order prohibiting Defendants and their police officers from engaging in racial profiling or otherwise discriminating against Plaintiff or others based on their race;

   iii. an order requiring Defendants to rescind any and all of their policies, practices, procedures, and/or customs allowing police

      officers to engage in racial profiling and/or discrimination based on race;

  iv. an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures prohibiting racial profiling, racial discrimination, and the use of excessive force;

  v. an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

  vi. an order requiring Defendants to train all CHP Officers concerning racial profiling, racial bias and discrimination, and this Court's orders concerning the issues raised in injunctive relief requests i-v, above;

e. such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

Dated: August 21, 2007           SUNDEEN SALINAS & PYLE

                     By:_____
                       Pamela Kong

                     Attorneys for Plaintiff
                     ZAHRA SEDAGHATPOUR

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial.

Dated: August 21, 2007            SUNDEEN SALINAS & PYLE

By:_____
      Pamela Kong

Attorneys for Plaintiff
ZAHRA SEDAGHATPOUR