

**EDMUND G. BROWN JR.**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5506
Facsimile: (415) 703-5480
E-Mail: Tom.Blake@doj.ca.gov

September 12, 2007

The Honorable William Alsup, Judge
United States District Court, Northern District
United States Courthouse
P. O. Box 36060
San Francisco, CA 94102

RE: Segdaghatpour, Zahra v. CHP
<u>United States District Court, Northern District of California, Case No. C 07-01802-WHA</u>

Dear Judge Alsup:

  This is in response to plaintiff's discovery dispute letter of September 7, 2007. A second, and perhaps related, discovery dispute concerning undisclosed electronic records on plaintiff's hard drive is addressed in a separate letter.

  Plaintiff's assertion at page 1 of his letter that an interview of Officer Schatmeier is not privileged because, "Defendants' counsel was not aware of Officer Schatmeier's interview" is factually incorrect. As set out in the declaration of Jonathan S. Rothman, General Counsel of the California Highway Patrol (Exh. A, attached), Officer Schatmeier was interviewed on June 13, 2007 under an arrangement between the Attorney General's Office and the CHP's General Counsel to defend this lawsuit. The interviews of Schatmeier and others (and other investigative measures) were undertaken for the defense of this litigation and are squarely within the work-product and attorney-client privileges. Rule 501, Federal Rules of Evidence; Calif. Code of Civil Procedure sec. 2018.020 *et seq.*; Calif. Evidence Code sec. 950 *et seq.* Indeed, only in the somewhat extraordinary circumstances of these special depositions to obtain the unvarnished and unrefreshed recollections of the participants would opposing counsel even become aware of an interview of a defendant by a defense investigator.

  Nor was it a surprise to opposing counsel that there was an attorney-client interview of Officer Schatmeier. Plaintiff's initial document request was infirm in several respects, including a request for any objections to the "special interrogatories" and not stating a time or place for production. Rule 34(b), Federal Rules of Civil Procedure; as a result, counsel requested six (6) categories of documents in each of his two notices for the officers' special depositions. These requests for production at the deposition impermissibly sought production before the 30-day time period required by the rule. (Because of this time constraint, the defense did not make a document at plaintiff's special deposition.) Nonetheless, to cooperate with counsel, we informed

The Honorable William Alsup
September 11, 2007
Page 2

him by letter of August 29, 2007 (two days before the Schatmeier deposition) *inter alia* that there were no documents to be produced at the officers' special depositions and that there was an "investigation initiated after the filing of this lawsuit." See our letter of August 29, 2007; copy attached as Exhibit B.  That defense investigation included an interview of a treating doctor (Khatimi), opinions and conclusions of CHP personnel, and other matters that are being reviewed for privilege; a privilege log will be provided in due course.

Counsel's letter also incorrectly asserts that on August 15, 2007 the defense represented to the Court or to him that there had been no interviews of the officers.  This office has ordered a transcript of the August 15 hearing.  My recollection is that any such representation about interviews of the officers was as to *unprivileged* interviews.  As of August 15, I was aware that the officer (and others) had been interviewed by the defense, but that there had been no CHP complaint investigation before this lawsuit because there had been no citizen's complaint. (See, Exh. A, Decl. of Rothman and Exh. B, Aug. 29, 2007 letter to counsel.)

Despite best efforts, the parties have not been able to informally resolve either of these discovery disputes.

                                        Sincerely,

                                        TOM BLAKE
                                        Deputy Attorney General

                    For    EDMUND G. BROWN JR.
                           Attorney General

TB:md

# EXHIBIT A

EDMUND G. BROWN JR.
Attorney General of the State of California
TOM BLAKE, State Bar No. 51885
Deputy Attorney General
JOHN P. DEVINE, State Bar No. 170773
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5506
  Fax: (415) 703-5480
  Email: Tom.Blake@doj.ca.gov

Attorneys for Defendants California Highway Patrol

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ZAHRA SEDAGHATPOUR,,**<br><br>                    Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>                    Defendants. | C 07-01802-WHA<br><br>**DECLARATION OF JONATHAN S. ROTHMAN** |

      COMES NOW Jonathan S. Rothman and declares:

      1.   I am an attorney duly admitted to the practice of law in the State of California. I have been the General Counsel of the California Highway Patrol ("CHP") since 1992.

      2.   In April 2007, my office first became aware that plaintiff had filed this lawsuit naming the CHP and an officer (for whom it is obligated to provide a defense) when plaintiff served the CHP and Officer Jon Schatmeier with summonses and complaints.

      3.   On behalf of the California Highway Patrol, this office requested representation by the Attorney General of California and arranged to notify Officer Schatmeier of his right to legal representation. At the officer's request, this office arranged for him to be also represented by the Attorney General's Office.

      4.   It is CHP policy, and my practice as General Counsel, to assure that there is a complete

investigation of every incident that gives rise to litigation against the CHP. As the service of the summons and complaint was the first notice of this incident I had received, and without knowledge of any appropriate investigation having been undertaken before CHP and Officer Schatmeier were sued, I believed it appropriate to assure that all the facts were gathered in a formalized and systematic way. On or about April 2007, I had several lengthy discussions of this aspect of the case with Tom Blake, one of the Deputy Attorneys General assigned to the case. Mr. Blake and I jointly decided that, inter alia, formal interviews would be conducted by peace officers from the CHP rather than investigators from the Attorney General's Office and that the investigators would provide the results of the interviews of the available witnesses[1] to both the Office of the Attorney General and my office for defense of this lawsuit.

5. As agreed, I did arrange for CHP investigators to interview Officer Schatmeier and Officer Soto, inter alia, and for reports of those interviews to be sent to the Attorney General's Office for defense of the litigation.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct of my own knowledge, except those matters stated on information and belief, and that as to such matters I believed them to be true and that this declaration is executed this ____ day of September 2007, at Sacramento, California.

JONATHAN S. ROTHMAN
General Counsel
Declarant

Decl of Rothman - 2007-09-11 - 40172682.wpd
SF2007400892

---

1. Mr. Blake and I decided that plaintiff Zehra Sedaghatpour would not be contacted as she was represented by counsel.

Declaration of Jonathan S. Rothman                                    C 07-01802-WHA
2

investigation of every incident that gives rise to litigation against the CHP. As the service of the summons and complaint was the first notice of this incident I had received, and without knowledge of any appropriate investigation having been undertaken before CHP and Officer Schatmeier were sued, I believed it appropriate to assure that all the facts were gathered in a formalized and systematic way. On or about April 2007, I had several lengthy discussions of this aspect of the case with Tom Blake, one of the Deputy Attorneys General assigned to the case. Mr. Blake and I jointly decided that, inter alia, formal interviews would be conducted by peace officers from the CHP rather than investigators from the Attorney General's Office and that the investigators would provide the results of the interviews of the available witnesses[1] to both the Office of the Attorney General and my office for defense of this lawsuit.

5. As agreed, I did arrange for CHP investigators to interview Officer Schatmeier and Officer Soto, inter alia, and for reports of those interviews to be sent to the Attorney General's Office for defense of the litigation.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct of my own knowledge, except those matters stated on information and belief; and that as to such matters I believed them to be true and that this declaration is executed this 11 day of September 2007, at Sacramento, California.

_____
JONATHAN S. ROTHMAN
General Counsel
Declarant

Decl of Rothman - 2007-09-11 - 40172632.wpd
SF2007400892

---

1. Mr. Blake and I decided that plaintiff Zehra Sedaghatpour would not be contacted as she was represented by counsel.

Declaration of Jonathan S. Rothman
2
C 07-01802-WHA

# EXHIBIT B



**EDMUND G. BROWN JR.**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public:  (415) 703-5500
Telephone:  (415) 703-5506
Facsimile:  (415) 703-5480
E-Mail:  Tom.Blake@doj.ca.gov

August 29, 2007

Hunter Pyle
Sundeen Salinas & Pyle
1330 Broadway, Suite 1830
Oakland, CA 94612

BY FAX (510) 663-9241 & U.S. MAIL

RE:   ZAHRA SEDAGHATPOUR, v. STATE OF CALIFORNIA, et al.,
         United States District Court, Northern District of California, Case No. C 07-01802-WHA

Dear Mr. Pyle:

This confirms our recent telephone conversation and responds to your letter of July 27, 2007 and the accompanying deposition notices for Officers Schatmeier and Soto, which include six separate requests for documents.

As to Request 1, although it seeks documents subject to the work product privilege, without waiving any privilege and in furtherance of cooperative and efficient discovery, the defense advises that it is aware that plaintiff was convicted of a misdemeanor in Santa Clara Superior Court on June 5, 2003 for violation of the City of Palo Alto Municipal Code and of larceny in Alabama in the late 1970's. This information is in the possession of the CHP and its counsel rather than the individual officers. We are unaware of any contact by plaintiff with "the Oakland Police Department."

As to Request 2, although it also seeks documents subject to the work product privilege, without waiving any privilege and in furtherance of cooperative and efficient discovery, the defense advises that in addition to the documents previously provided to plaintiff, it has a taped statement by Dr. Khatimi, who treated plaintiff shortly after the alleged incident. An interview with Dr. Khatimi by the CHP occurred on May 20, 2007, as the result of an investigation initiated after the filing of this lawsuit. This information also is in not the possession of the individual deponents. We will provide a privilege log with our formal discovery response.

As to Requests 3, 4 and 5, again without waiving any privilege and to further cooperative

Hunter Pyle
August 29, 2007
Page 2

and efficient discovery, the defense advises that there are no complaints, either formal or informal, filed or lodged against Officer Schatmeier or Soto, other than those relating to this lawsuit. We will so state in our formal discovery response and provide a privilege log as to the investigation that resulted from the filing of this lawsuit.

As to Request 6, again without waiving any privilege and in furtherance of cooperative and efficient discovery, the defense advises CHP Officers do have some individual copies of CHP manuals or policies that may be responsive to your document demand. However, it is not readily ascertainable which, if any, of their copies were operative on September 12, 2006. We have agreed that relevant documents, in effect on the day alleged in the complaint, will be produced directly from CHP headquarters, with appropriate officer-safety redactions. To that end, a copy of a master list of CHP directives is attached; please advise us which of them might be relevant to the plaintiff's theories of the case and we will arrange their future production.

This will also confirm that the deposition of the plaintiff is going forward here tomorrow, August 30, 2007 at 12:30 p.m.

Sincerely,

TOM BLAKE
Deputy Attorney General

For    EDMUND G. BROWN JR.
Attorney General

TB:ls

EDMUND G. BROWN JR.
Attorney General

*State of California*
DEPARTMENT OF JUSTICE



# FAX TRANSMISSION COVER SHEET

> **IMPORTANT/CONFIDENTIAL:** This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

**DATE:** August 29, 2007    **TIME:** 2:25 PM    **NO. OF PAGES:** 13
(Including Fax Cover Sheet)

**TO:**
- NAME: Hunter Pyle
- OFFICE: Sundeen Salinas & Pyle
- LOCATION: Oakland
- FAX NO.: (510) 663-9241
- PHONE NO.:

**FROM:**
- NAME: Tom Blake, Deputy Attorney General
- OFFICE: Tort and Condemnation Section
- LOCATION: San Francisco
- FAX NO.: (415) 703-5480
- PHONE NO.: (415) 703-5506

**MESSAGE/INSTRUCTIONS**

Re: Segdaghatpour, Zahra v. CHP

40170215.wpd

**PLEASE DELIVER AS SOON AS POSSIBLE**
FOR ASSISTANCE WITH THIS FAX, PLEASE CALL THE SENDER

---

TRANSACTION REPORT
AUG-29-2007 WED 02:28 PM

FOR: DOJ MAINT DECP                  415 703 1107

SEND
DATE START   RECEIVER           TX TIME   PAGES TYPE   NOTE   M#
AUG-29 02:27 PM 915106639241    1'49"     13 FAX TX    OK     DP    607

TOTAL :    1M 49S    PAGES: 13

P.01