

*EDMUND G. BROWN JR.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5506
Facsimile: (415) 703-5480
E-Mail: Tom.Blake@doj.ca.gov

September 12, 2007

`The Honorable William Alsup, Judge
United States District Court, Northern District
United States Courthouse
P. O. Box 36060
San Francisco, CA  94102

RE:     Segdaghatpour, Zahra v. CHP
        <u>United States District Court, Northern District of California, Case No. C 07-01802-WHA</u>

Dear Judge Alsup:

A second discovery dispute has arisen in the course of the special depositions.  During the special four-hour deposition of plaintiff Zahra Segdaghatpour on August 30, 2007, the defense learned for the first time that Ms. Segdaghatpour has electronic notes concerning the traffic stop. (Exh. A, Depo. of Sedaghatpour, pp. 7-9.)  Plaintiff testified that she made these notes within a few days of the incident and that they include the lengthy verbatim quotations of racial and national origin insults in her complaint.  Her deposition testimony was that in framing her complaint, which contains lengthy and specific allegations of direct quotes of verbal abuse, she did in fact rely on these electronic notes (Depo., 109: 10-14 and 113: 13-19), and only these notes, (Depo., 109: 10-14).  She also testified that, as the court had ordered, she did *not* refresh her recollection from these notes before her special deposition. (Exh. A, Depo., 120: 1-6.)

These crucial electronic notes were not turned over in the plaintiff's production under Rule 26, Federal Rules of Civil Procedure.  It is not clear that plaintiff informed her attorney of their existence; she testified that she "does not remember" whether she told him or whether he asked. (Exh. A, Depo, 8: 17-22.)  Counsel has given no indication that he had previously been aware of the existence of these notes.

At the conclusion of plaintiff's deposition, we advised opposing counsel that we would request a physical inspection of the hard drive itself.  We orally advised counsel immediately after the deposition that if his client opened the compute file(s), printed from them, or otherwise accessed the file, evidence of the relevant dates may be compromised.  We told counsel of our intent to have the physical drive examined by forensic specialists to determine when the file was created, last modified, and last viewed.  We confirmed that position in writing that same day. (See Exh. B, letter to counsel, Aug. 30, 2007.)  We believe that the date of her notes' creation, modifications, and last viewing are crucial evidence as to the credibility of plaintiff's substantive

The Honorable William Alsup
September 12, 2007
Page 2

allegations as well as to her compliance with the court's order to provide her unvarnished recollection at the special deposition.

The defense is aware that plaintiff is also suing the City of Mountain View for wrongful discharge, and that her lawsuit against that former employer also turns on allegations of verbal abuse concerning national origin and race. The defense believes it reasonably possible that plaintiff's electronic data will reveal parallel fabrication of quotations.

The day after plaintiff's deposition, August 31, 2007, the defense faxed a Request for Production of the computer hard drive to plaintiff's counsel. (Exh. C.) Plaintiff's counsel responded by refusing to produce the hard drive. Counsel asserts that plaintiff does not intend to rely in the future on of the quotations and other contents of her electronic record, and that counsel will produce a CD copy or paper printout of the notes. Such measures are entirely unsatisfactory in that they would defeat the forensic analysts' ability to determine, by electronic and magnetic examination of the physical tracks on the drive, the dates of creation, modification, and last use of plaintiff's contemporaneous notes. Plaintiff refuses to provide physical access to the hard drive.

Plaintiff contends that, since she does not intend to use her electronic notes at trial, she was not required to produce them in her initial Rule 26 disclosures. (See Exh. D, letter from counsel, Sept. 4, 2007; Exh. E, letter from counsel, Sept. 7, 2007.) Counsel asserts that, although the notes are the source of the very specific and lengthy purported quotations, and although plaintiff testifies at deposition that the specifics are "in my notes" (Exh. A., p. 113: 19), plaintiff will not rely on them at trial. Whatever the merits of the contention that initial production of her electronic notes was not required, the salient fact is that, once aware of the existence of these purported notes and the importance of plaintiff's credibility in quoting the officers, the defense served a formal request for examination of the physical drive. (Exh. F, letter to counsel, Sept. 6, 2007.) The defense is entitled to examine the notes, and their provenance, by access to the physical medium in which they were created and are stored.

The defense respectfully requests that the court require production of the physical drive at an early date. As the drive is in a laptop computer, with the cooperation of counsel, no intrusion into plaintiff's residence will be necessary.

Sincerely,

TOM BLAKE
Deputy Attorney General

For   EDMUND G. BROWN JR.
Attorney General

# EXHIBIT A

1           UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3            SAN FRANCISCO DIVISION

4                ---oOo---

5

6  ZAHRA SEDAGHATPOUR,         )

7        Plaintiff,      )

8  vs.                  )

9  STATE OF CALIFORNIA, a   )
    public entity; CALIFORNIA )
10  HIGHWAY PATROL, a public   )
    entity; OFFICER J. SCHATMEIER)
11  #17021; DOE OFFICER ONE; DOE )
    OFFICER TWO; and DOES 3-20, )
12  Jointly and Severally,    )
                        )
13        Defendants.     )
                        )
14  ——————————————————————————————)

CERTIFIED COPY

J|G Jane GROSSMAN
R|S REPORTING Services

No. C 07-01802 WHA

15

16        DEPOSITION OF ZAHRA SEDAGHATPOUR

17             August 30, 2007

18

19

20       Taken before DECEMBER MOORE

21           CSR No. 8718

22

23      JANE GROSSMAN REPORTING SERVICES
        Certified Shorthand Reporters
24      1939 Harrison Street, Suite 460
        Oakland, California 94612
25          (510) 444-4500

DEPOSITION OF ZAHRA SEDAGHATPOUR

1          DEPOSITION OF ZAHRA SEDAGHATPOUR

2

3          BE IT REMEMBERED that, pursuant to Notice of

4    Taking Videotaped Deposition and on Thursday, August 30,

5    2007, commencing at the hour of 12:55 p.m., at the Law

6    Offices of THE ATTORNEY GENERAL OF THE STATE OF

7    CALIFORNIA, 455 Golden Gate Avenue, Suite 11000, San

8    Francisco, California 94102, before me, DECEMBER MOORE, a

9    Certified Shorthand Reporter of the State of California,

10   personally appeared ZAHRA SEDAGHATPOUR, produced as a

11   witness in said action, and being by me first duly sworn,

12   was thereupon examined as a witness in said cause.

                       ---oOo---

14            A P P E A R A N C E S

15       HUNTER PYLE, Attorney at Law, of the Law Offices

16   of SUNDEEN SALINAS & PYLE, 1330 Broadway, Suite 1830,

17   Oakland, California 94612, was present on behalf of

18   Plaintiff.

19

20       TOM BLAKE, Deputy Attorney General, and JOHN

21   DEVINE, Deputy Attorney General, of the Law Offices of THE

22   ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, 455 Golden

23   Gate Avenue, Suite 11000, San Francisco, California 94102,

24   was present on behalf of the Defendants.

25   ///

          DEPOSITION OF ZAHRA SEDAGHATPOUR

                                                      3

1      Q.   It would be helpful if you answer in full

2 sentences -- full words like "yes" or "no" rather than

3 "uh-huh" or "huh-uh" because it's difficult for the

4 court reporter to take down.

5      A.   Okay.

6      Q.   Is there any reason why you can't give your

7 best testimony today?

8      A.   No.

9      Q.   Are you under the influence of any medication

10 or drugs at the moment?

11     A.   No.

12     Q.   All right.  Do you have any personal notes or

13 diaries concerning the event that this lawsuit is about?

14     A.   I have some personal notes.

15     Q.   All right.

16     A.   Not with me.

17     Q.   Uh-huh.  What are -- those consist of?

18     A.   Just the notes that I wrote down um -- um,

19 after what happened.

20     Q.   When did you write those notes down?

21     A.   Um, probably the same week.  I don't exactly

22 remember.  Probably the next day or during the same

23 week.

24     Q.   Okay.  Did you write those down on -- pencil

25 and paper or with a computer?

DEPOSITION OF ZAHRA SEDAGHATPOUR

7

1   A.   With a computer.

2   Q.   And where -- where was the computer located?

3   A.   At my home.

4   Q.   And have you printed out any of those notes?

5   A.   No, not really.

6   Q.   How -- how many -- if you were to print it

7   out, how many pages would it be, do you think?

8   A.   I don't know.

9   Q.   More than two or three?

10   A.   Not really.

11   Q.   All right.  Did you use anything to refresh

12   your recollection when you made those notes?

13   A.   No.

14   Q.   Did you make any other notes or diary entries

15   of any sort?

16   A.   No.

17   Q.   Did you give those notes to your attorney,

18   Mr. Pyle?

19   A.   I don't remember.

20   Q.   Did Mr. Pyle ask you for notes or documents

21   concerning this matter?

22   A.   I don't remember.

23   Q.   Those notes still exist and they're on your

24   computer now?

25   A.   Yes.

DEPOSITION OF ZAHRA SEDAGHATPOUR

1    Q.   And where is the computer now?

2    A.   At my home.

3    Q.   And what kind of computer is it?

4    A.   It's just a laptop.

5    Q.   Is it a laptop that you personally purchased?

6    A.   Yes.

7    Q.   Do you have any other documents that you've

8    saved, like medical records or receipts or anything?

9    A.   Yes, I have the medical, um, bills from the

10   hospital and from the, um -- the emergency people.

11   Q.   Okay.  What's the total amount of those bills,

12   approximately?

13   A.   Um, I'm not really sure.  I think, um, it was

14   around -- all together, maybe around 1500.  A little

15   less or more.  I'm not really exactly sure.

16   Q.   Around 1,500?

17   A.   Around, yeah.

18   Q.   And the bills are from which hospital?

19   A.   Washington Hospital.

20   Q.   That's in Fremont?

21   A.   Yes.

22   Q.   And from anybody else?

23   A.   Um, no.

24   Q.   Was there a bill from a physician?

25   A.   Um, no.  The physician was within the

DEPOSITION OF ZAHRA SEDAGHATPOUR

9

W
I
T
N
E
S
S

L
E
T
T
E
R

1   fuck up.  I don't have time for you foreigners to sit in

2   your Mercedes.  You think you own the road.  You think

3   you own the country," unquote; is that your testimony?

4        A.    Yes.

5        Q.    Is that a direct quote, exactly what he said?

6        A.    Yes.

7        Q.    And how do you remember all that?  Did you

8   write this down after the incident?

9        A.    Yes.

10       Q.    Is it -- was that in the notes that are on

11  your computer?

12       A.    Yes.

13       Q.    Did you write it down anywhere else?

14       A.    No.

15       Q.    All right.  And when did you write that down

16  in relation to this?

17       A.    Probably next couple of days after the

18  incident, or the day after.  I'm not sure.

19       Q.    Why did you write it down?

20       A.    I, um -- I document things.  Um, I'm in the

21  habit of doing that for my work.  And also, after I

22  talked to my friends, they told me to write it down.

23       Q.    Okay.  Who -- who suggested that you write

24  this down verbatim?

25       A.    Um, KC told me to write it down.  Um, so did

DEPOSITION OF ZAHRA SEDAGHATPOUR

109

1      A.    Well, I don't remember.

2      Q.    All right.

3      A.    I know for a fact the motorcycle officer said

4   to me that, "I'm glad it's hurting.  I want it to hurt."

5      Q.    All right.  So, your testimony is that, as you

6   sit here, you definitely remember the motorcycle officer

7   saying that?

8      A.    Yes.

9      Q.    And you don't remember Officer Schatmeier

10  saying that, or you don't remember?

11     A.    I don't remember.

12     Q.    You quote one of the officers as saying,

13  quote, "You fucking bitch," and, quote, "You fucking

14  foreigner."

15           Do you remember which of the officers said

16  that, if either?

17     A.    Um, I think Schatmeier said, "You fucking

18  bitch," and then the motorcycle officer said, "You

19  fucking foreigners."  But it's in my notes.

20     Q.    And have you provided those notes to us?

21     A.    I don't know.  Have I?

22     Q.    Not -- not that I'm aware of.

23           Is it your testimony that you struck your head

24  on the patrol car door frame?

25     A.    I'm sorry.  Say that --

DEPOSITION OF ZAHRA SEDAGHATPOUR

W
I
T
N
E
S
S

L
E
T
T
E
R

1    Q.    And these notes that you made on the computer,

2  when is the last time you looked at those?

3    A.    I haven't for a long time.

4    Q.    In the last two months?

5    A.    No.  They're very stressful.  I try not to

6  think about this.

7    Q.    Okay.  Thank you.

8          No further questions.

9          Do you have any questions?

10         MR. PYLE:  Okay, great.

11         THE VIDEOGRAPHER:  This marks the end of

12  Volume I, Videotape 2.  The time is 3:24 p.m.

13         We are off the record.

14         (Whereupon, the deposition was adjourned at 3:24

15  p.m..)

16                     ---oOo---

17         I declare under penalty of perjury that the

18  foregoing is true and correct.  Subscribed at

19  _____, California, this ____ day of

20  _____,_____.

21

22

23

24         _____

25              ZAHRA SEDAGHATPOUR


        DEPOSITION OF ZAHRA SEDAGHATPOUR

# EXHIBIT B



**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public:  (415) 703-5500
Telephone:  (415) 703-5506
Facsimile:  (415) 703-5480
E-Mail:  Tom.Blake@doj.ca.gov

August 30, 2007

Hunter Pyle
Sundeen Salinas & Pyle
1330 Broadway, Suite 1830
Oakland, CA 94612

BY FAX (510) 663-9241 & U.S. MAIL

RE:    ZAHRA SEDAGHATPOUR, v. STATE OF CALIFORNIA, et al.,
         United States District Court, Northern District of California, Case No. C 07-01802-WHA

Dear Mr. Pyle:

At the conclusion of your client's deposition today, we discussed the need to preserve her hard drive. This will confirm that request and advise you that we are making arrangements for the hard drive to be examined by California Department of Justice specialists. It appears the drive contains critical evidence bearing on the creation and viewing of her allegedly contemporaneous notes of the events of September 12, 2006. This belatedly disclosed evidence should not be destroyed or over-written. As we discussed after the deposition, opening, accessing, or modifying these files may destroy evidence of the date and time of creation and last access, information that is critical to confirm your client's compliance with the Court's Order of August 27, 2007. We confirm our request that you instruct your client not to open, access, or modify these files and to make the hard drive available for inspection immediately.

This is especially important in view of the fact that the existence of these purportedly contemporaneous notes was not disclosed pursuant to Rule 26, Federal Rules of Civil Procedure, and the intent of the court to allow these special depositions to obtain the "unvarnished recollections of the parties. We note that paragraph 14 of the Court's order of April 23, 2007 expressly had required the parties to disclose computerized files.

Sincerely,

TOM BLAKE
Deputy Attorney General

For    EDMUND G. BROWN JR
         Attorney General

# EXHIBIT C

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JOHN P. DEVINE, State Bar No. 170773
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone:  (415) 703-5522
     Fax:  (415) 703-5480
6    Email:  John.Devine@doj.ca.gov

7  Attorneys for Defendants California Highway Patrol
   Officer Jon Schatmeier

8

9

10                IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  **ZAHRA SEDAGHATPOUR,,**                  | Case No.  C 07-01802-WHA

14                             Plaintiff,     | **DEFENDANT JON**
                                              | **SCHATMEIER'S REQUEST**
15         v.                                 | **FOR INSPECTION OF**
                                              | **PERSONAL PROPERTY**
16  **STATE OF CALIFORNIA, et al.,,**         | **[FRCP RULE 34(a)(2)]**

17                             Defendants.

18

19  PROPOUNDING PARTY:     Defendant JON SCHATMEIER

20  RESPONDING PARTY:      Plaintiff ZAHRA SEDAGHATPOUR

21  SET NUMBER:            ONE

22      Pursuant to the Federal Rules of Civil Procedure, Rule 34(a)(2), defendant JON

23  SCHATMEIER hereby requests that plaintiff ZAHRA SEDAGHATPOUR respond within 30

24  days to the request that plaintiff permit defendant to enter onto her property located in San Jose ,

25  California, to inspect plaintiff's computer(s) hard drive and to obtain a mirror image copy of it.

26  "Computer(s)" means, but is not limited to, microchips, microcomputers (also known as personal

27  computers), laptop computers, home computers, portable computers, notebook computers,

28  palmtop computers (also known as personal digital assistants or PDA's), minicomputers,

Deft. Jon Schatmeier's Req. for Inspection of Personal Property          Segdaghatpour v. CHP
                                                                         C 07-01802-WHA
                                    1

1    mainframe computers, and servers.

2            This inspection will be performed at 10:00 a.m. on October 3, 2007 and will be performed

3    in such a manner as to minimize any inconvenience to the residents of the dwelling.  The inspection

4    will be limited only to the computer(s).  Defendant will be represented at the inspection by a

5    professional computer specialist.

6            Dated:  August 31, 2007.

7                            Respectfully submitted,

8                            EDMUND G. BROWN JR.
                             Attorney General of the State of California

9

10

11                           JOHN P. DEVINE
                             Deputy Attorney General

12

13                           Attorneys for Defendants California Highway Patrol

14

15    40170913.wpd
      SF2007400892

16

17

18

19

20

21

22

23

24

25

26

27

28

Deft. Jon Schatmeier's Req. for Inspection of Personal Property                    Segdaghatpour v. CHP
                                                                                    C 07-01802-WHA

## DECLARATION OF SERVICE BY FACSIMILE AND MAIL

Case Name:   **Segdaghatpour, Zahra v. CHP**

No.:   **C 07-01802-WHA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.  My facsimile machine telephone number is (415) 703-1616.

On August 31, 2007, I served the attached **DEFENDANT JON SCHATMEIER'S REQUEST FOR INSPECTION OF PERSONAL PROPERTY [FRCP RULE 34(a)(2)]** by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2.306. The facsimile machine I used complied with Rule 2.306, and no error was reported by the machine.  Pursuant to rule 2.306(g)(4), I caused the machine to print a record of the transmission. In addition, I placed a true copy thereof enclosed in a sealed envelope with postage thereof fully prepaid, in the internal mail system of the Office of the Attorney General, addressed as follows:

Hunter Pyle, Esq.
Pamela Kong, Esq.
Sundeen Salinas & Pyle
1330 Broadway, Suite 1830
Oakland, CA  94612
**(510) 663-9241**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 31, 2007, at San Francisco, California.

| | |
|---|---|
| Sally F. Asuncion | *Sally F. Asuncion* |
| Declarant | Signature |

40166294.wpd

# EXHIBIT D

# SUNDEEN SALINAS & PYLE

ATTORNEYS AT LAW

**1330 BROADWAY, SUITE 1830**
**OAKLAND, CALIFORNIA 94612**

RUBEN SUNDEEN
ROBERT SALINAS
HUNTER PYLE
PAMELA KONG

TELEPHONE (510) 663-9240
FACSIMILE (510) 663-9241
hpyle@ssrplaw.com
www.ssrplaw.com

September 4, 2007

*By U.S. Mail and facsimile to:  415/703-5480*

Tom Blake
John P. Devine
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-3664

> **Re:**  **Sedaghatpour v. State of California, et al.**
> **United States District Court, Northern District of California**
> **Case No.  C 07-01802 WHA**

Dear Mr. Blake and Mr. Devine,

I am in receipt of your letter dated August 30, 2007.  FRCP 26(a)(1)(B) requires production of the following documents in a party's initial disclosures:

> [A] copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and **that the disclosing party may use to support its claims or defenses,** unless solely for impeachment.

Because Plaintiff has no intention of relying on the notes at issue in support of her claims or defenses, she was not required to disclose them to Defendants.  If you have any authority to the contrary, please provide it.  Otherwise I will consider this matter resolved.

On a separate note, Officer Schatmeier testified at deposition that he was interviewed by a CHP Sergeant in June 2007.  This is directly contrary to your representation to Judge Alsup that no such interviews took place.  Furthermore, any objections to providing me with a copy of this interview have been waived by Defendants' continuing failure to provide written responses to Plaintiff's first set of requests for productions.

Please consider this letter to be a formal demand that Defendants provide the following by the close of business on Thursday, September 6, 2007:

1.  All recordings and documents that pertain to the interview; and
2.  Verified written responses to Plaintiff's first set of requests for production.

*Tom Blake*
*John P. Devine*
*Deputy Attorneys General*

*September 4, 2007*
*Page 2 of 2*

If I have not heard from you by then, I will assume that you are refusing to do so and will contact the Court for further assistance.

Thank you for your ongoing courtesy and cooperation. Please feel free to call with any questions or concerns.

Sincerely,

SUNDEEN SALINAS & PYLE

Hunter Pyle

HP:dd

# SUNDEEN SALINAS & PYLE

ATTORNEYS AT LAW

### 1330 BROADWAY, SUITE 1830
### OAKLAND, CALIFORNIA  94612

RUBEN SUNDEEN
ROBERT SALINAS
HUNTER PYLE
PAMELA KONG

TELEPHONE  (510) 663-9240
FACSIMILE   (510) 663-9241
hpyle@ssrplaw.com
www.ssrplaw.com

September 7, 2007

*By U.S. Mail and facsimile to: 415/703-5480*

Tom Blake
John P. Devine
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-3664

> **Re:   Sedaghatpour v. State of California, et al.**
> **United States District Court, Northern District of California**
> **Case No.  C 07-01802 WHA**

Dear Mr. Blake and Mr. Devine,

I am in receipt of your letter dated September 6, 2007.  With respect to FRCP 26 please see the comments to the 2000 amendments to that Rule:

> The initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents that the disclosing party may use to support its claims or defenses. "Use" includes any use at a pretrial conference, to support a motion, or at trial. The disclosure obligation is also triggered by intended use in discovery, apart from use to respond to a discovery request; use of a document to question a witness during a deposition is a common example. The disclosure obligation attaches both to witnesses and documents a party intends to use and also to witnesses and to documents the party intends to use if--in the language of Rule 26(a)(3)--"the need arises."

> A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use. The obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1). Because the disclosure obligation is limited to material that the party may use, it is no longer tied to particularized allegations in the pleadings.

Again, because Plaintiff has no intention of relying on the notes at issue in support of her claims or defenses, she was not required to disclose them to Defendants.  If you have any authority to the contrary, please provide it.  Otherwise I will consider this matter resolved.

*Tom Blake*
*John P. Devine*
*Deputy Attorneys General*

*September 7, 2007*
*Page 2 of 2*

Thank you for your ongoing courtesy and cooperation. Please feel free to call with any questions or concerns.

Sincerely,

SUNDEEN SALINAS & PYLE

Hunter Pyle

HP:dd

# EXHIBIT F

**EDMUND G. BROWN JR.**
Attorney General

*State of California*
*DEPARTMENT OF JUSTICE*



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5506
Facsimile: (415) 703-5480
E-Mail: Tom.Blake@doj.ca.gov

September 6, 2007

Hunter Pyle
Sundeen Salinas & Pyle
1330 Broadway, Suite 1830
Oakland, CA 94612

BY FAX (510) 663-9241 & U.S. MAIL

RE:     ZAHRA SEDAGHATPOUR, v. STATE OF CALIFORNIA, et al.,
        United States District Court, Northern District of California, Case No. C 07-01802-WHA

Dear Mr. Pyle:

This is in response to your letter dated September 4, 2007, which was received here after business hours. We profoundly disagree with your interpretation of Rule 26 as it applies to the contemporaneous computer notes that your client testified she made soon after the alleged incident. Rule 26, Federal Rules of Civil Procedure, requires the production of electronically stored information that the party "*may* use," not that the party *will* use to support her position. It is not sufficient for her to say that she elects not to rely on her electronic notes to support her position, including allegations of very specific, lengthy epithets purporting to be verbatim quotations. Moreover, the failure to disclose her electronic notes, on either of the Rule 26 dates provided by the court, raises a substantial question as to her compliance with the court's directive to provide her unvarnished and unrefreshed recollection of events.

We do not consider the failure to produce these allegedly contemporaneous notes a closed matter. Quite the contrary, last week we ordered the transcripts of the hearings before Judge Alsup and, absent agreement to allow inspection, we will take the matter up before the court when those transcripts and the deposition transcript are in hand. In the interim, we continue to request that your client preserve the hard drive itself, without accessing or printing or modifying the document(s), because any of those actions could alter the electronic records which are evidence in this case.

As to your request for the interviews that Officer Schatmeier mentioned in his deposition, those interviews were, as we have previously mentioned, taken at the direction of the CHP's General Counsel in response to the commencement of this litigation. As such they are privileged work product and attorney-client material and are not subject to disclosure. I do not believe that we have ever represented to you or the court that such privileged matters do not exist; if the

Page 2

transcripts show a need for clarification or amplification, we will do so.

In response to the request for a "verified written response to Plaintiff's first set of requests for production," the press of business and the very short time frame that you unilaterally set do not allow a response today. We continue to note that the request, also denoted "special interrogatories" has a number of infirmities, including the failure to specify a time or place for the production as required by Rule 34(b)(1)(B). We will therefore consider your letter of September 4 as a request for production of those documents and we will respond within 30 days from that date (October 10, October 8, 2007 being a Saturday).

Sincerely,

TOM BLAKE
Deputy Attorney General

For    EDMUND G. BROWN JR
Attorney General