# SUNDEEN SALINAS & PYLE

ATTORNEYS AT LAW

**1330 BROADWAY, SUITE 1830**
**OAKLAND, CALIFORNIA  94612**

RUBEN SUNDEEN
ROBERT SALINAS
HUNTER PYLE
PAMELA KONG

TELEPHONE  (510) 663-9240
FACSIMILE   (510) 663-9241
hpyle@ssrplaw.com
www.ssrplaw.com

September 13, 2007

*By efiling and hand delivery to:*

Honorable William Alsup
United States District Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

  **Re:** **Sedaghatpour v. State of California, et al.**
     **United States District Court, Northern District of California**
     **Case No.  C 07-01802 WHA**

Dear Judge Alsup,

  Please consider this letter to be a response to Defendants' September 12, 2007, motion to compel in the above-referenced matter.  Plaintiff has already agreed to provide a copy of the notes at issue, both in hard copy and in electronic format.  The only remaining issue is whether the Court should order Plaintiff to comply with Defendants' request that she produce her entire hard drive for inspection and copying.

  As set forth below, Plaintiff has a "legitimate, objectively reasonable expectation of privacy in [her] personal computer." *U.S. v. Heckenkamp* (9th Cir.2007) 482 F.3d 1142, 1146. Defendants have presented no justification for ordering Plaintiff to surrender her entire hard drive.  At most, Defendants are entitled to the file containing the notes at issue, which Plaintiff has already agreed to produce.  For these reasons, the Court should deny Defendants' motion.

  **Plaintiff Has Complied With FRCP 26.**

  FRCP 26(a)(1)(B) requires production of the following documents in a party's initial disclosures:

> [A] copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

  The comments to the 2000 amendments to Rule 26 provide as follows:

> The initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents that the disclosing party may use to support its

*Honorable William Alsup*
*United States District Judge*
*Northern District of California*

*September 13, 2007*
*Page 2 of 3*

claims or defenses….

A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use. The obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1). Because the disclosure obligation is limited to material that the party may use, it is no longer tied to particularized allegations in the pleadings.

Here, Plaintiff's memory of the incident at issue is crystal clear.  She has no intention of relying on the notes at issue to support her claims in this case.  Because Plaintiff has no intention of relying on the notes at issue in support of her claims, she has complied with FRCP 26.

**Plaintiff and Her Counsel Complied With This Court's August 27, 2007 Order.**

Plaintiff's counsel explicitly instructed Plaintiff not to review any materials concerning the substantive events of which she complains prior to her deposition.  Plaintiff complied with this instruction, as her deposition testimony indicates.  See Defendants' Exhibit A at 120:1-6.

**Defendants' Request for Inspection is Overbroad and Seeks Documents and Information that are Protected by Plaintiff's Right to Privacy and Not Relevant to this Case.**

On August 31, 2007, Defendants served a request for inspection seeking the following:

[T]hat plaintiff permit defendant to enter onto her property located in San Jose, California, to inspect plaintiff's computer(s) hard drive and to obtain a mirror image of it. "Computer(s)" means, but is not limited to, microchips, microcomputers (also known as personal computers), laptop computers, home computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers, mainframe computers and servers.  Defendants' Exhibit C

Defendants' request is impermissibly overbroad.  First, it seeks mirror images of <u>all computers</u> owned by Plaintiff, whether or not these computers contain the notes at issue.  Second, it seeks <u>all information</u> on these computers.  Finally, it seeks to enter Plaintiff's home in order to obtain this information.

For these reasons, on September 7, 2007, Plaintiff responded to Defendants' request for inspection as follows:

Plaintiff objects to Defendant's Request for Inspection on the following grounds:

*Honorable William Alsup*
*United States District Judge*
*Northern District of California*

*September 13, 2007*
*Page 3 of 3*

      The inspection seeks to enter Plaintiff's home and access each of Plaintiff's hard drives. Accordingly, it is overbroad, not calculated to lead to admissible evidence, and violates Plaintiff's right to privacy.

      Notwithstanding these objections, Plaintiff responds as follows:

      Plaintiff will produce a hard copy of the notes described by Plaintiff during her deposition on August 30, 2007. Plaintiff will also produce an electronic copy of the file containing those notes on a CD. (Please see Plaintiff's Response, attached hereto as Exhibit 1.)

      Instead of meeting and conferring to narrow the scope of their request for inspection, Defendants filed the instant motion. Plaintiff submits that the Court should deny this motion for the following reasons:

      First, Plaintiff has a "legitimate, objectively reasonable expectation of privacy in [her] personal computer." *U.S. v. Heckenkamp* (9th Cir.2007) 482 F.3d 1142, 1146. In this case, Plaintiff's personal computer contains private information including her personal email account, financial information, and correspondence with family and friends that is unrelated to this litigation.

      Second, Defendants have presented no reason for the Court to compel production of Plaintiff's entire hard drive. The only possibly relevant information on Plaintiff's hard drive is a single file containing the notes at issue.

      Third, Defendants have not shown any justification for obtaining a mirror image of the single relevant file on Plaintiff's hard drive. The only evidence before the Court is that Plaintiff complied with the Court's August 27, 2007 Order. See Defendants' Exhibit A at 120:1-6.

      At most, Defendants are entitled to a copy of the file containing the notes at issue. Plaintiff has already agreed to produce this file both in hard copy and in electronic format. For these reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to compel.

      Sincerely,

      SUNDEEN SALINAS & PYLE

      /S/

      Hunter Pyle

HP:dd