IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZAHRA SEDAGHATPOUR,

    Plaintiff,

    v.

STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, OFFICER JON SCHATMEIER, DOE OFFICER ONE, OFFICER JOHN SOTO, AND DOES 2–20,

    Defendant.

No. C 07-01802 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE AND VACATING HEARING**

**INTRODUCTION**

In this civil rights action, plaintiff Zahra Sedaghatpour alleges unreasonable seizure, use of excessive force, and racial and national origin discrimination by defendants State of California, California Highway Patrol, Officer Jon Schatmeier, Doe Officer One, Officer John Soto, and Does 2–20. This order holds that the Eleventh Amendment bars federal claims against defendants State of California and California Highway Patrol so these claims are **DISMISSED**. The state claims remain in effect, however. By agreement, Officer John Soto is **DISMISSED** from the case without prejudice and the motion to strike allegations against him is **GRANTED**.

**STATEMENT**

On September 12, 2006, plaintiff was driving southbound on I-680 in her red Mercedes. Defendants pulled her over and engaged in conduct forming the grounds for this civil action (Amd. Compl. at 4–8). On March 29, 2007, plaintiff filed a complaint against defendants State of California, California Highway Patrol, Officer Jon Schatmeier, Doe Officer One, Doe Officer Two, and Doe Officer Three, who was later identified as Officer John Soto. In July 2007, the Court ordered that "[a]ll unserved defendants and any Doe defendants must be formally identified and served by August 10, 2007." On August 21, 2007, plaintiff filed an amended complaint naming Officer John Soto as Doe Officer Three. Her complaint alleged eight causes of action: (1) violations of 42 U.S.C. 1983 against Officers Schatmeier and Soto and Doe Officer One; (2) violations of 42 U.S.C. 1983 against defendants State of California and California Highway Patrol, and Does 3–20; (3) violation of California Civil Code 52.1 against all defendants; (4) violation of California Civil Code 51.7 against all defendants; (5) negligence and personal injuries against all defendants; (6) assault and battery against all defendants; (7) intentional infliction of emotional distress against all defendants; and (8) conversion against all defendants (Amd. Compl. at 9–18).

**ANALYSIS**

**1. LEGAL STANDARD FOR A MOTION TO DISMISS.**

A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although materials outside of the pleading should not be considered, a court may consider all materials properly submitted as part of the complaint, such as exhibits to the complaint. *See Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990). It also may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 ( 9th Cir.1986).

All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). As such, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). If dismissal is granted, leave to amend is only denied if it is clear that amendment would be futile and that deficiencies of the complaint could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**2. ARE THE CLAIMS AGAINST THE STATE OF CALIFORNIA AND CALIFORNIA HIGHWAY PATROL BARRED BY THE ELEVENTH AMENDMENT?**

According to the Eleventh Amendment, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state." In the absence of consent, a suit in which a state or one of its agencies or departments is named as the defendant is barred by the Eleventh Amendment. Although the Eleventh Amendment does not expressly bar suits against a state by its own citizens, it has been interpreted to do so. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S 89, 100 (1984) ("An unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state"). Here, plaintiff seeks to sue in federal court the State of California and the California Highway Patrol, a California agency. The State has not consented, so therefore the Eleventh Amendment bars suit on the basis of the federal claims. This order dismisses the federal claims against the State of California and the California Highway Patrol without leave to amend and with prejudice. Plaintiff's state claims will remain in the case.

3

### 3. HAS PLAINTIFF FAILED TO SERVE OFFICER JOHN SOTO?

Service must be made upon defendant within 120 days of filing of the complaint, otherwise the court has authority to dismiss the action as to that defendant. FRCP 4(m). Any dismissal under FRCP 4(m) is without prejudice to plaintiff's right to re-file. Furthermore, the Court may dismiss "Doe" defendants who are not identified and served within 120 days after the case is filed pursuant to FRCP 4(m).

The scheduling order controls the subsequent course of the action unless modified by the court upon a showing of "good cause." *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002). Unless a court order is obtained permitting late filing, motions filed after the deadlines set in a scheduling order are untimely and may be denied solely on this ground. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–9 (9th Cir. 1992).

The original complaint, filed on March 29, 2007, did not name Officer John Soto as a defendant (*i.e.,* he was a "Doe Officer"). The Court's July 12 case management order required that "[a]ll unserved defendants and any Doe defendants must be formally identified and served by August 10, 2007." The amended complaint filed on August 21, 2007, included Officer Soto as a named defendant. The Court's docket fails to show that Officer Soto has ye6 been served, and nothing otherwise indicates that he has been served. Here, there was no proper service, nor has plaintiff abided by the case management order. Plaintiff does not oppose Officer Soto's dismissal (Opp. at 2).

Plaintiff correctly requests that the dismissal be without prejudice. Defendant Officer Soto's dismissal shall be without prejudice.

### 5. MOTION TO STRIKE ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT.

#### A. Against Officer John Soto.

A district court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous. FRCP 12(f). Because Officer Soto is dismissed from this case, allegations of discrimination and excessive force against him may be

4

redundant, immaterial, impertinent, or scandalous. All of the alleged conduct by Officer Soto that is independent of the conduct of the other named plaintiffs is hereby stricken.

### B. Against Doe Defendants.

Plaintiff does not oppose defendants' motion to strike the Doe allegations (Opp. at 2). Of course, no such individuals having been brought into the case, there is no occasion for any dismissal with prejudice.

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss with prejudice regarding the federal claims against the State of California and the California Highway Patrol is hereby **GRANTED**. The *state* claims against the State of California and the California Highway Patrol, however, will remain in the case. Defendants' motion to strike allegations against Officer John Soto is **GRANTED** and their motion to dismiss him from the case is **GRANTED** without prejudice. All Doe allegations are stricken. The hearing is therefore **VACATED**.

**IT IS SO ORDERED.**

Dated: October 9, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5