**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZARA SEDAGHATPOUR,

        Plaintiff(s),

 vs.

STATE OF CALIFORNIA, et al.,

        Defendant(s).

No. C 07-1802 WHA (MEJ)

**ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS**

**BACKGROUND**

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges unreasonable seizure, excessive force, and racial and national origin discrimination related to a traffic stop. Plaintiff also brings state law causes of action, including intentional infliction of emotional distress.

On November 15, 2007, Defendants served five subpoenas on medical professionals who provided Plaintiff with mental health services. Plaintiff seeks to quash or significantly narrow the scope of four of the subpoenas, arguing that any treatment she received from these professionals is unrelated to the claims at issue in this case.

**LEGAL STANDARD**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the

claim or defense of any party .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The party objecting to the discovery bears the burden of showing that it should not be allowed. Fed. R. Civ. P. 26(c).

Under Federal Rule of Civil Procedure ("FRCP") 45, any party may serve a subpoena commanding a non-party to give testimony or produce documents. Fed. R. Civ. P. 45(a)(1)(C). The subpoena nonetheless is subject to the relevance provisions of FRCP 26(b)(1). A party that is not the recipient of the subpoena has standing to challenge the subpoena "only where its challenge asserts that the information is privileged or protected to itself." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D.Nev.1994). Upon a timely motion, a court shall quash or modify a subpoena if it finds that the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

**DISCUSSION**

Here, Plaintiff raises two arguments: relevancy and her right to privacy. However, if Plaintiff has put her health or mental condition at issue in this lawsuit, then the Court would be inclined to permit Defendants to conduct discovery of her relevant medical records. The privacy interest in one's confidential medical records is conditional and a limited impairment of the right may be allowed if properly justified. *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal.1995). In making this determination, the Court shall balance Plaintiff's privacy rights against Defendants' need for the information.

Defendants' subpoenas seek "any and all documents regarding plaintiff Zara Sedaghatpour." (Doc. 61, Ex. A.) Defendants argue that Plaintiff has a history of extensive mental health treatment and that evidence of her mental state is relevant to her credibility and the reasonableness of the officer's conduct at the scene. The Court agrees. Plaintiff's operative complaint includes a claim for relief for Intentional Infliction of Emotional Distress. She asserts that the officer's actions "were done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and

2

physical distress." (Doc. #30, ¶96.) She claims damages on the grounds that she "has suffered and continues to suffer embarrassment, humiliation, and mental anguish." (Doc. #30, ¶ 99.) Accordingly, Plaintiff has clearly put her mental condition at issue and any right to privacy is outweighed by Defendants' right to evaluate what extent Plaintiff's emotional distress claims and mental anguish are attributable to prior issues, and which are attributable to the present incident. Therefore, Plaintiff's motion to quash is DENIED.

However, the Court does find that Defendants' subpoenas are overbroad as written. Rather than produce any and all documents regarding Plaintiff, the third parties need only respond as to any and all documents related to treatment for Plaintiff's mental health and any physical condition related to her mental health symptoms.

**IT IS SO ORDERED.**

Dated: December 3, 2007

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3