IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZARA SEDAGHATPOUR,

    Plaintiff(s),

  vs.

STATE OF CALIFORNIA, et al.,

    Defendant(s).

No. C 07-1802 WHA (MEJ)

**ORDER RE: PLAINTIFF'S PSYCHIATRIC MEDICAL EXAMINATION**

## INTRODUCTION

The Court is in receipt of the parties' joint meet and confer letter, filed November 30, 2007. (Doc. #63.) In the letter, Defendants move to compel Plaintiff Zara Sedaghatpour ("Plaintiff") to submit to an independent mental examination. Plaintiff opposes the motion, arguing that she has not put her psychiatric and psychological condition at issue.

## LEGAL STANDARD

Federal Rule of Civil Procedure 35(a) provides that the Court may order a party to submit to a mental examination for good cause shown and upon proper notice. Fed. R. Civ. P. 35(a). To permit such an examination, Defendants must establish that: (1) Plaintiff has placed her condition in controversy, and (2) good cause exists for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 116-17 (1964).

1    A plaintiff's mental or physical condition is "in controversy" when such condition is the
2 subject of the litigation. *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531
3 (M.D.Fla.1988). "Good cause" generally requires a showing of specific facts justifying discovery.
4 Factors that courts have considered include, but are not limited to, the possibility of obtaining
5 desired information by other means, whether Plaintiff plans to prove his claim through testimony of
6 expert witnesses, whether the desired materials are relevant, and whether Plaintiff is claiming
7 ongoing emotional distress. *See, e.g., Turner v. Imperial Stores*, 161 F.R.D. 89, 97-98 (S.D. Cal.
8 1995) (expert testimony); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal.1995)
9 (ongoing emotional distress); *Schlagenhauf*, 379 U.S. at 118-19 (availability by other means).

10    In *Turner*, the district court conducted a thorough analysis of case law to determine whether
11 a party's claim of "emotional distress" is sufficient to place that party's mental state in controversy
12 sufficient to justify a Rule 35 examination. The court found that "garden-variety" emotional distress
13 alone is not sufficient to place a party's mental state in controversy, explaining that Rule 35(a) was
14 not meant to be applied in so broad a fashion as to allow courts to order a mental examination
15 whenever a plaintiff claimed emotional distress. *Id.* at 97. Still, the court found that courts will
16 order a mental examination where the case involves, in addition to emotional distress, one or more
17 of the following: (1) a cause of action for intentional or negligent infliction of emotional distress; (2)
18 an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe
19 emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress;
20 or (5) plaintiff's concession that his or her mental condition is "in controversy" with in the meaning
21 of Rule 35(a). *Id.* at 95. Further, an alleged ongoing mental or emotional illness puts the claimant's
22 mental condition in controversy. *See Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D.
23 Cal.1995); *Turner* at 97.

24    Even if good cause is shown, it is still within the Court's discretion to determine whether to
25 order an examination. *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Pa.1990). Although the
26 rule is to be construed liberally to allow the examination, the Court must take into account the
27 interest of the party to be examined in avoiding unnecessary invasion of privacy balanced against the

28                                                  2

**United States District Court**
For the Northern District of California

moving party's right to a fair trial. *Curtis v. Express, Inc.*, 868 F. Supp. 467, 468 (N.D. N.Y.1994).

**DISCUSSION**

Upon review of the parties' arguments and relevant legal authority, the Court finds that a medical examination is warranted. Plaintiff's First Amended Complaint avers that the officer acted intentionally and maliciously "for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress." (Doc. #30, ¶96.) Plaintiff alleges that as a result, she "has suffered and continues to suffer embarrassment, humiliation, and mental anguish . . . ." (Doc. #30, ¶99.) Further, Plaintiff's Seventh Cause of Action is for Intentional Infliction of Emotional Distress. Thus, under the *Turner* factors, not only does Plaintiff have a cause of action for intentional infliction of emotional distress, she has placed her mental state in controversy by claiming mental anguish and emotional distress.

In the parties' letter, Plaintiff states that she will dismiss her cause of action for intentional infliction of emotional distress if the Court determines that this claim alone establishes good cause for an examination. However, even if Plaintiff were to dismiss this cause of action, the Court finds that good cause for an examination would still exist. One of the key disputes in the lawsuit concerns the reasons for Plaintiff's forcible removal from her vehicle during the traffic stop. Plaintiff alleges that she was "dragged out of her car" after telling the officer that she would not sign the traffic citation, which he allegedly refused to let her read. (Doc. #30, ¶¶25-29.) In their defense, Defendants claim that the officer, in both his contemporaneous police report and his recent deposition, cited Plaintiff's suicidal comments (e.g., she was going to crash her car or run into freeway traffic) as his reason for physically removing her from the car. Although Plaintiff denies making such statements, her mental health is a key component in corroborating the officer's explanation of the necessity of his actions.

Further, Defendants argue, and Plaintiff does not dispute, that Plaintiff was taking Effexor at the time of the incident, and that one of its prominent side effects is suicidal ideation. The Court also notes Defendants' argument that there are three major assertions that Plaintiff has made in this matter that seem to be at variance with the facts in this matter. (*See* Joint Letter at p.2, Sec. 2.)

3

1  Given this background, Plaintiff's mental condition appears inextricably intertwined with the full
2  story in this case.
3      Based, on this analysis, the Court GRANTS Defendants' request for an independent
4  psychiatric medical examination.  Plaintiff shall submit to examinations with Doctor Harris and
5  Doctor Keram on mutually convenient dates.  The results of these examinations shall be limited to
6  this litigation.
7  **IT IS SO ORDERED.**

8  Dated: December 3, 2007



9                                      MARIA-ELENA JAMES
                                    United States Magistrate Judge

**United States District Court**
For the Northern District of California

4